MICHAEL E. ADAMS (SBN: 47278)
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 599-9463
Fax:       (650) 599-9785

Attorney for Plaintiff HOSETTA ZERTUCHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSETTA ZERTUCHE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, JAMES GLEASON, and KIMBERLY MARUFFI,<br><br>Defendants. | Case No.  CV11-03691 YGR<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME FOR DISCLOSURE OF HER TREATING PSYCHIATRIST AS HER NONRETAINED EXPERT**<br><br>DATE: August 13, 2013<br>TIME: 2:00 p.m.<br>COURTROOM: 5 (2nd floor)<br>JUDGE: Hon. Yvonne Gonzalez-Rogers |

TO: THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 13, 2013 at 2:00 p.m. in Courtroom 5 of the above-entitled court, Hon. Yvonne Gonzalez-Rogers presiding, Plaintiff will move for extension of the deadline for disclosure of experts herein from July 6, 2012 to August 13, 2013, on such conditions as the court deems just, for the purpose of permitting Plaintiff to disclose her treating psychiatrist, Sandra Zetner, M.D., as her nonretained expert herein.

Plaintiff brings said motion on the ground that the failure of her undersigned counsel herein to disclose said treating physician by the original deadline was the result of his excusable neglect.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

1

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

This case involves Plaintiff's claim that she was subjected to free speech retaliation. Her claim arose during her employment by Santa Clara County "("County") as a legal secretary for Defendant James Gleason, who headed the Independent Defense Office ("IDO"), which was administratively part of the Office of County Counsel ("OCC"), but separated by an "ethical wall" from the balance of the OCC. Plaintiff complained to her superiors that a female paralegal employed in another area of the OCC was violating "ethical wall" strictures by visiting and assisting Gleason in the IDO. The paralegal was consequently barred from the IDO, and, in retaliation, Gleason subjected Plaintiff to adverse treatment that resulted in her involuntary transfer out of the IDO and aggravated her anxiety disorder to the point that Plaintiff took a medical leave of absence for about 2½ months. In that she did not lose any earnings, the damages sought by Plaintiff are primarily for her emotional distress. Plaintiff's longstanding treating psychiatrist, Sandra Zetner, M.D. treated her anxiety disorder before, during, and after said leave of absence, and hence is a material witness on how Plaintiff's emotional condition had deteriorated when she took the leave of absence. In her Initial Disclosures served on April 11, 2012, Plaintiff named Dr. Zetner as a witness on the subject of her emotional distress damages.

Most of the fact discovery by the parties occurred during June and July, 2012. After deposing Plaintiff during an initial session on February 13, 2012, Defendants' then-lead counsel, Rob Coelho, further deposed Plaintiff during two further sessions on June 7, 2012 and June 8, 2012. The undersigned noticed depositions of each of the named Defendant for dates during the first half of June, 2012. To accommodate Defendants' calendars, these depositions were then conducted on the following dates: as to Defendant Kimberly Maruffi, the first session of her deposition was conducted on June 27, and the second session thereof was conducted on July 24; as to Defendant Sandra Eovino, her deposition was conducted on June 29; as to Defendant James Gleason, his deposition was

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

2

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1   conducted on July 25, both individually and as the "person most knowledgeable" for

2   Defendant County of Santa Clara.  In addition to the above depositions, the undersigned

3   received and reviewed during June over 200 pages of documents produced by Defendant

4   County of Santa Clara in response to a document production request which the

5   undersigned had served in mid-May, 2012.  The undersigned also worked extensively

6   with Plaintiff during June and early July on preparing answers to four sets of special

7   interrogatories that the four Defendants had respectively propounded to Plaintiff in mid-

8   May, 2012.

9          During the foregoing flurry of fact discovery, Plaintiff's undersigned counsel

10  inadvertently overlooked the deadline of July 6, 2012 for opening designation of experts,

11  and hence did not disclose Sandra Zetner, M.D. as an unretained expert as the

12  undersigned had intended to do.  Defendants did not disclose any experts.  The

13  undersigned discovered his oversight while reviewing his file in order to prepare, together

14  with Mr. Coelho, the required Joint Preliminary Pretrial Conference Statement.  In a

15  telephone call between them concerning preparation of the Joint Statement, the

16  undersigned told Mr. Coelho of the undersigned's inadvertent failure to designate Sandra

17  Zetner, M.D. as Plaintiff's nonretained expert, and the undersigned stated his intention to

18  bring a motion for relief from said failure.  The undersigned added that he intended to

19  bring a motion to permit the undersigned to further depose Defendant Sandra Eovino.  In

20  this connection, the undersigned and Mr. Coelho discussed the appropriate timing of said

21  motions, and in particular whether it would make sense for the undersigned to bring the

22  motions forthwith or wait to see if they remained necessary after the court decided the

23  motion for summary judgment that Mr. Coelho was planning to file by August 31, 2012.

24  Mr. Coelho suggested that it made sense in terms of judicial economy for the undersigned

25  to wait, in that Plaintiff may or may not still need to bring the motions after the court

26  ruled on Defendants' upcoming summary judgment motion, and in that noting in the Joint

27  Statement that Plaintiff intended to bring the motions would probably suffice to avoid any

28  prejudice to the motions from the passage of time before they were brought. Persuaded

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

3

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1  that the latter alternative made sense, the undersigned decided to wait to bring the

2  motions until after the court decided defendants' summary judgment motion, and noted in

3  Section 4 of the Joint Statement that he anticipated bringing both motions.

4       The parties then briefed defendants' motion for summary judgment, and, on

5  October 9, 2012, the court heard argument thereon and took same under submission. On

6  April 17, 2013, the court issued an order granting in part, and denying in part, defendants'

7  motion for summary judgment. In the meantime, the undersigned had continued to

8  apprise the court of his intention to bring the above two motions. The undersigned so

9  noted in Section 4 of the Joint Case Management Statement filed on September 10, 2012,

10  and again so noted in Section 4 of the updated Joint Case Management Statement filed on

11  January 8, 2013. When Hon. Yvonne Gonzalez Rogers asked at the Case Management

12  Conference on January 14, 2013 if all discovery was concluded, the undersigned replied

13  by pointing out that he still intended to file the above-described two discovery motions if

14  it remained appropriate to do so following the court's pending decision on Defendants'

15  summary judgment motion. Judge Rogers responded by asking for immediate oral

16  argument on both motions. After both counsel presented argument, Judge Rogers stated

17  that she was taking both motions under submission and would rule on them when she

18  ruled on the summary judgment motion.

19       On noting that the summary judgment ruling issued by the court on April 17, 2013

20  neither contained nor was accompanied by any ruling on the two discovery motions, the

21  undersigned anticipated that the ruling was probably still forthcoming. In the meantime,

22  the undersigned focused on an upcoming settlement conference with Magistrate Judge

23  Vadas on April 24, and then on follow-up settlement efforts with Magistrate Judge Vadas,

24  including telephonic status conferences on May 14 and May 28, and a telephone

25  conference by Magistrate Judge Vadas with the undersigned on June 3. By that point, the

26  gap between the settlement positions the parties had reached at the April 24 settlement

27  conference had further narrowed somewhat, but with heels seemingly now dug in.

28       Also on June 3, the undersigned received the court's order to show cause regarding

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

4

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1 │ the parties' failure to file, by May 29, a joint case management conference statement for
2 │ the scheduled conference on June 5.   Said order postponed the conference to June 17.
3 │ The undersigned immediately focused on remedying the parties' failure by preparing a
4 │ joint case management conference statement, obtaining concurrence therein by the current
5 │ lead defense counsel, John Winchester, and filing same the following day. On the chance
6 │ that Plaintiff's motion for leave to designate Dr. Zetner as her expert may have been
7 │ overlooked by the court, in that there was still no ruling thereon, the undersigned
8 │ reiterated in Section 4 of said statement his arguments in support of said motion.[1]

9 │     At the case management conference conducted by Judge Rogers in chambers on
10 │ June 17 at 4:00 p.m., the undersigned pointed out to the court that his motion to designate
11 │ Dr. Zetner was still undecided.  Judge Rogers again invited informal oral argument
12 │ thereon, and the undersigned and Mr. Winchester provided same.  Judge Rogers then
13 │ concluded that she would not decide the motion on the basis of that informal presentation,
14 │ instead inviting the undersigned to file a formal written motion.   The undersigned is
15 │ accordingly filing the instant motion.

16 │

17 │ **II.  THE TIME SHOULD BE EXTENDED FOR PLAINTIFF TO DISCLOSE HER**
18 │ **TREATING PSYCHIATRIST AS A NONRETAINED EXPERT**

19 │     In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380*
20 │ *(1993),* the Supreme Court analyzed what constitutes the "excusable neglect" that relieves
21 │ a party from missing a filing deadline in bankruptcy proceedings.  The Court concluded
22 │ that excusable neglect is ". . .not limited strictly to omissions caused by circumstances
23 │ beyond the control of the movant," *id. at 391,* but also ". . .encompass[es] situations in
24 │ which the failure to comply with a filing deadline is attributable to negligence." *Id. at*
25 │ *394.*  The Court further explained that the determination of what sorts of neglect will be

26 │

27 │ [1] The undersigned opted not to press his second discovery motion, for leave to
    │ further depose Sandra Eovino, having concluded that there was no longer a material need
28 │ for further deposition testimony from her, given that she was no longer a Defendant.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

5

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1  deemed "excusable"

2      ". . .is at bottom an equitable one, taking account of all relevant
       circumstances surrounding the party's omission. These include. . .
3      the danger of prejudice to the debtor, the length of the delay and
       its potential impact on judicial proceedings, the reason for the
4      delay, including whether it was within the reasonable control of
       the movant, and whether the movant acted in good faith."
5      *Id. at 395.*

6      The Ninth Circuit has since applied the above *Pioneer* criteria in the context of

7  missed civil filing deadlines can be attributable to excusable neglect. *Committee for*

8  *Idaho's High Desert, Inc. v. Yost, 92 F.3d 814 (9 Cir. 1996)* [Rule 6(b)], *Briones v.*

9  *Riviera Hotel & Casino, 116 F.3d 379 (9 Cir. 1996)*[Rule 60(b)(1)].

10     In *Patton v. Wal-Mart Stores, Inc., 2013 U.S. Dist. LEXIS 77757 (D. Nev. 2013)*,

11 the court considered facts similar to those herein, and, relying on *Briones*, granted the

12 motion by plaintiff therein to extend time to disclose expert witnesses.  The court

13 characterized as "dilatory" the conduct of plaintiff's counsel in overlooking the expert

14 disclosure deadline, but emphasized that plaintiff sought only to disclose nonretained

15 treating medical providers who had previously been identified to defendant.  Moreover,

16 the court pointed out that preclusion of expert testimony by said medical providers on the

17 causation element of plaintiff's claim would be tantamount to dismissal thereof.  In this

18 regard, the court relied on language from the Supreme Court in *Foman v. Davis, 371 U.S.*

19 *178, 181 (1962)* that it is

20     ". . .entirely contrary to the spirit of the Federal Rules of Civil
       Procedure for decisions on the merits to be avoided on the
21     basis of such mere technicalities."

22 While the court had discretion under Rule 37 to exclude plaintiff's medical providers as

23 witnesses, the court pointed out that allowing plaintiff to disclose said experts would ".

24 ..neither delay trial nor significantly disrupt the current Scheduling Order," the court

25 concluded that it was sufficient under the circumstances therein to impose on plaintiff's

26 counsel an award of defendant's reasonable fees and costs relating to the filing of

27 opposition to plaintiff's motion.

28     Similarly herein, Plaintiff informed Defendant prior to the expert disclosure

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

6

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1  deadline that Dr. Zetner would be a witness on her emotional distress damages, and her

2  undersigned counsel then inadvertently overlooked the expert disclosure deadline because

3  immersed in a flurry of depositions and written discovery during June and July, 2012.

4  Within a few weeks, the undersigned caught his error and informed opposing counsel and

5  the court that the undersigned intended to seek relief therefrom.  The undersigned has

6  since pursued a reasonable course in seeking said relief from the court, both informally

7  and now through this motion.  Similarly to *Patton*, Dr. Zetner would be a pivotal witness

8  as to the nature, extent, and causation of Plaintiff's emotional distress resulting from

9  Defendant's the retaliatory conduct.  If this motion is granted at the hearing hereof on

10  August 13, Defendant will have over two months before trial (October 21), and over six

11  weeks before the pretrial conference (October 4) in which to depose Dr. Zetner as well as

12  designate his own mental health expert if he wishes to do so.  The undersigned submits

13  that a monetary sanction deemed appropriate by the court would be a sufficient and

14  equitably balanced response to his conceded inadvertence.[2]

15

## III.  CONCLUSION

17      For the foregoing reasons, this motion should be granted.

18  DATED: July 9, 2013

19

20                              */s/ Michael E. Adams*

21

22                              MICHAEL E. ADAMS
                               Attorney for Plaintiff
23                              HOSETTA ZERTUCHE

24

25

26

---

27   [2]  The undersigned previously offered to the court and opposing counsel to pay for
     Defendant's costs incurred in deposing Dr. Zetner, and will accept any different or
28   additional monetary sanction deemed appropriate by the court.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

7

1  MICHAEL E. ADAMS (SBN: 47278)
   LAW OFFICES OF MICHAEL E. ADAMS
2  702 Marshall Street, Suite 300
   Redwood City, CA 94063
3  Telephone: (650) 599-9463
   Fax:       (650) 599-9785
4
   Attorney for Plaintiff HOSETTA ZERTUCHE
5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9
                                         Case No.  CV11-03691 YGR
10  HOSETTA ZERTUCHE,

11         Plaintiff,
                                         **PLAINTIFF'S MOTION TO**
12                                       **EXTEND TIME FOR**
                                         **DISCLOSURE OF HER**
13     v.                                **TREATING PSYCHIATRIST AS**
                                         **HER NONRETAINED EXPERT**
14

15  COUNTY OF SANTA CLARA, JAMES         DATE: August 13, 2013
    GLEASON, and KIMBERLY MARUFFI,       TIME: 2:00 p.m.
16                                       COURTROOM: 5 (2nd floor)
           Defendants.                   JUDGE: Hon. Yvonne Gonzalez-
17                                                Rogers

18

19  TO: THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES HERETO AND

20  THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that on August 13, 2013 at 2:00 p.m. in Courtroom 5 of

22  the above-entitled court, Hon. Yvonne Gonzalez-Rogers presiding, Plaintiff will move for

23  extension of the deadline for disclosure of experts herein from July 6, 2012 to August 13,

24  2013, on such conditions as the court deems just, for the purpose of permitting Plaintiff to

25  disclose her treating psychiatrist, Sandra Zetner, M.D., as her nonretained expert herein.

26         Plaintiff brings said motion on the ground that the failure of her undersigned

27  counsel herein to disclose said treating physician by the original deadline was the result of

28  his excusable neglect.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

1

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

This case involves Plaintiff's claim that she was subjected to free speech retaliation. Her claim arose during her employment by Santa Clara County "("County") as a legal secretary for Defendant James Gleason, who headed the Independent Defense Office ("IDO"), which was administratively part of the Office of County Counsel ("OCC"), but separated by an "ethical wall" from the balance of the OCC. Plaintiff complained to her superiors that a female paralegal employed in another area of the OCC was violating "ethical wall" strictures by visiting and assisting Gleason in the IDO. The paralegal was consequently barred from the IDO, and, in retaliation, Gleason subjected Plaintiff to adverse treatment that resulted in her involuntary transfer out of the IDO and aggravated her anxiety disorder to the point that Plaintiff took a medical leave of absence for about 2½ months. In that she did not lose any earnings, the damages sought by Plaintiff are primarily for her emotional distress. Plaintiff's longstanding treating psychiatrist, Sandra Zetner, M.D. treated her anxiety disorder before, during, and after said leave of absence, and hence is a material witness on how Plaintiff's emotional condition had deteriorated when she took the leave of absence. In her Initial Disclosures served on April 11, 2012, Plaintiff named Dr. Zetner as a witness on the subject of her emotional distress damages.

Most of the fact discovery by the parties occurred during June and July, 2012. After deposing Plaintiff during an initial session on February 13, 2012, Defendants' then-lead counsel, Rob Coelho, further deposed Plaintiff during two further sessions on June 7, 2012 and June 8, 2012. The undersigned noticed depositions of each of the named Defendant for dates during the first half of June, 2012. To accommodate Defendants' calendars, these depositions were then conducted on the following dates: as to Defendant Kimberly Maruffi, the first session of her deposition was conducted on June 27, and the second session thereof was conducted on July 24; as to Defendant Sandra Eovino, her deposition was conducted on June 29; as to Defendant James Gleason, his deposition was

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

2

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1   conducted on July 25, both individually and as the "person most knowledgeable" for

2   Defendant County of Santa Clara. In addition to the above depositions, the undersigned

3   received and reviewed during June over 200 pages of documents produced by Defendant

4   County of Santa Clara in response to a document production request which the

5   undersigned had served in mid-May, 2012. The undersigned also worked extensively

6   with Plaintiff during June and early July on preparing answers to four sets of special

7   interrogatories that the four Defendants had respectively propounded to Plaintiff in mid-

8   May, 2012.

9        During the foregoing flurry of fact discovery, Plaintiff's undersigned counsel

10  inadvertently overlooked the deadline of July 6, 2012 for opening designation of experts,

11  and hence did not disclose Sandra Zetner, M.D. as an unretained expert as the

12  undersigned had intended to do. Defendants did not disclose any experts. The

13  undersigned discovered his oversight while reviewing his file in order to prepare, together

14  with Mr. Coelho, the required Joint Preliminary Pretrial Conference Statement. In a

15  telephone call between them concerning preparation of the Joint Statement, the

16  undersigned told Mr. Coelho of the undersigned's inadvertent failure to designate Sandra

17  Zetner, M.D. as Plaintiff's nonretained expert, and the undersigned stated his intention to

18  bring a motion for relief from said failure. The undersigned added that he intended to

19  bring a motion to permit the undersigned to further depose Defendant Sandra Eovino. In

20  this connection, the undersigned and Mr. Coelho discussed the appropriate timing of said

21  motions, and in particular whether it would make sense for the undersigned to bring the

22  motions forthwith or wait to see if they remained necessary after the court decided the

23  motion for summary judgment that Mr. Coelho was planning to file by August 31, 2012.

24  Mr. Coelho suggested that it made sense in terms of judicial economy for the undersigned

25  to wait, in that Plaintiff may or may not still need to bring the motions after the court

26  ruled on Defendants' upcoming summary judgment motion, and in that noting in the Joint

27  Statement that Plaintiff intended to bring the motions would probably suffice to avoid any

28  prejudice to the motions from the passage of time before they were brought. Persuaded

Law Offices Of
Michael E. Adams
702 Marshall St., #300
Redwood City Ca 94063
(650) 599-9463

3

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1   that the latter alternative made sense, the undersigned decided to wait to bring the

2   motions until after the court decided defendants' summary judgment motion, and noted in

3   Section 4 of the Joint Statement that he anticipated bringing both motions.

4          The parties then briefed defendants' motion for summary judgment, and, on

5   October 9, 2012, the court heard argument thereon and took same under submission. On

6   April 17, 2013, the court issued an order granting in part, and denying in part, defendants'

7   motion for summary judgment. In the meantime, the undersigned had continued to

8   apprise the court of his intention to bring the above two motions. The undersigned so

9   noted in Section 4 of the Joint Case Management Statement filed on September 10, 2012,

10  and again so noted in Section 4 of the updated Joint Case Management Statement filed on

11  January 8, 2013. When Hon. Yvonne Gonzalez Rogers asked at the Case Management

12  Conference on January 14, 2013 if all discovery was concluded, the undersigned replied

13  by pointing out that he still intended to file the above-described two discovery motions if

14  it remained appropriate to do so following the court's pending decision on Defendants'

15  summary judgment motion.  Judge Rogers responded by asking for immediate oral

16  argument on both motions. After both counsel presented argument, Judge Rogers stated

17  that she was taking both motions under submission and would rule on them when she

18  ruled on the summary judgment motion.

19          On noting that the summary judgment ruling issued by the court on April 17, 2013

20  neither contained nor was accompanied by any ruling on the two discovery motions, the

21  undersigned anticipated that the ruling was probably still forthcoming. In the meantime,

22  the undersigned focused on an upcoming settlement conference with Magistrate Judge

23  Vadas on April 24, and then on follow-up settlement efforts with Magistrate Judge Vadas,

24  including telephonic status conferences on May 14 and May 28, and a telephone

25  conference by Magistrate Judge Vadas with the undersigned on June 3. By that point, the

26  gap between the settlement positions the parties had reached at the April 24 settlement

27  conference had further narrowed somewhat, but with heels seemingly now dug in.

28          Also on June 3, the undersigned received the court's order to show cause regarding

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

4

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1  the parties' failure to file, by May 29, a joint case management conference statement for

2  the scheduled conference on June 5.   Said order postponed the conference to June 17.

3  The undersigned immediately focused on remedying the parties' failure by preparing a

4  joint case management conference statement, obtaining concurrence therein by the current

5  lead defense counsel, John Winchester, and filing same the following day. .  On the

6  chance that Plaintiff's motion for leave to designate Dr. Zetner as her expert may have

7  been overlooked by the court, in that there was still no ruling thereon, the undersigned

8  reiterated in Section 4 of said statement his arguments in support of said motion.[1]

9       At the case management conference conducted by Judge Rogers in chambers on

10  June 17 at 4:00 p.m., the undersigned pointed out to the court my motion to designate Dr.

11  Zetner was still undecided.  Judge Rogers again invited informal oral argument thereon,

12  and I and Mr. Winchester provided same.  Judge Rogers then concluded that she would

13  not decide the motion on the basis of that informal presentation, instead inviting the

14  undersigned to file a formal written motion.   The undersigned is accordingly filing the

15  instant motion.

16

17  **II. THE TIME SHOULD BE EXTENDED FOR PLAINTIFF TO DISCLOSE HER**

18  **TREATING PSYCHIATRIST AS A NONRETAINED EXPERT**

19       In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, *507 U.S. 380*

20  *(1993)*, the Supreme Court analyzed what constitutes the "excusable neglect" that relieves

21  a party from missing a filing deadline in bankruptcy proceedings.  The Court concluded

22  that excusable neglect is ". . .not limited strictly to omissions caused by circumstances

23  beyond the control of the movant," *id. at 391,* but also ". . .encompass[es] situations in

24  which the failure to comply with a filing deadline is attributable to negligence." *Id. at*

25  *394.*  The Court further explained that the determination of what sorts of neglect will be

26

27       [1] The undersigned opted not to press his second discovery motion, for leave to
further depose Sandra Eovino, having concluded that there was no longer a material need

28  for further deposition testimony from her, given that she was no longer a Defendant.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

5

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1 | deemed "excusable"

2 | ". . .is at bottom an equitable one, taking account of all relevant
circumstances surrounding the party's omission. These include. . .
3 | the danger of prejudice to the debtor, the length of the delay and
its potential impact on judicial proceedings, the reason for the
4 | delay, including whether it was within the reasonable control of
the movant, and whether the movant acted in good faith."
5 | *Id. at 395.*

6 | The Ninth Circuit has since applied the above *Pioneer* criteria in the context of

7 | missed civil filing deadlines can be attributable to excusable neglect. *Committee for*

8 | *Idaho's High Desert, Inc. v. Yost, 92 F.3d 814 (9 Cir. 1996)* [Rule 6(b)], *Briones v.*

9 | *Riviera Hotel & Casino, 116 F.3d 379 (9 Cir. 1996)*[Rule 60(b)(1)].

10 | In *Patton v. Wal-Mart Stores, Inc., 2013 U.S. Dist. LEXIS 77757 (D. Nev. 2013),*

11 | the court considered facts similar to those herein, and, relying on *Briones*, granted the

12 | motion by plaintiff therein to extend time to disclose expert witnesses.  The court

13 | characterized as "dilatory" the conduct of plaintiff's counsel in overlooking the expert

14 | disclosure deadline, but emphasized that plaintiff sought only to disclose nonretained

15 | treating medical providers who had previously been identified to defendant.  Moreover,

16 | the court pointed out that preclusion of expert testimony by said medical providers on the

17 | causation element of plaintiff's claim would be tantamount to dismissal thereof.  In this

18 | regard, the court relied on language from the Supreme Court in *Foman v. Davis, 371 U.S.*

19 | *178, 181 (1962)* that it is

20 | ". . .entirely contrary to the spirit of the Federal Rules of Civil
Procedure for decisions on the merits to be avoided on the
21 | basis of such mere technicalities."

22 | While the court had discretion under Rule 37 to exclude plaintiff's medical providers as

23 | witnesses, the court pointed out that allowing plaintiff to disclose said experts would ".

24 | ..neither delay trial nor significantly disrupt the current Scheduling Order," the court

25 | concluded that it was sufficient under the circumstances therein to impose on plaintiff's

26 | counsel an award of defendant's reasonable fees and costs relating to the filing of

27 | opposition to plaintiff's motion.

28 | Similarly herein, Plaintiff informed Defendant prior to the expert disclosure

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

6

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert

1  deadline that Dr. Zetner would be a witness on her emotional distress damages, and her
2  undersigned counsel then inadvertently overlooked the expert disclosure deadline because
3  immersed in a flurry of depositions and written discovery during June and July, 2012.
4  Within a few weeks, the undersigned caught his error and informed opposing counsel and
5  the court that the undersigned intended to seek relief therefrom.  The undersigned has
6  since pursued a reasonable course in seeking said relief from the court, both informally
7  and now through this motion.  Similarly to *Patton*, Dr. Zetner would be a pivotal witness
8  as to the nature, extent, and causation of Plaintiff's emotional distress resulting from
9  Defendant's the retaliatory conduct.  If this motion is granted at the hearing hereof on
10 August 13, Defendant will have over two months before trial (October 21), and over six
11 weeks before the pretrial conference (October 4) in which to depose Dr. Zetner as well as
12 designate his own mental health expert if he wishes to do so.  The undersigned submits
13 that a monetary sanction deemed appropriate by the court would be a sufficient and
14 equitably balanced response to his conceded inadvertance.[2]

16 **III. CONCLUSION**

17     For the foregoing reasons, this motion should be granted.
18 DATED: July 9, 2013

20     */s/ Michael E. Adams*

21
22     MICHAEL E. ADAMS
       Attorney for Plaintiff
       HOSETTA ZERTUCHE

27     [2] The undersigned previously offered to the court and opposing counsel to pay for
28 Defendant's costs incurred in deposing Dr. Zetner, and will accept any different or
   additional monetary sanction deemed appropriate by the court.

LAW OFFICES OF
MICHAEL E. ADAMS
702 MARSHALL ST., #300
REDWOOD CITY CA 94063
(650) 599-9463

7

Plaintiff's Motion to Extend Time for Disclosure of her Treating Psychiatrist as her Nonretained Expert