**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOSETTA ZERTUCHE,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SANTA CLARA, *ET AL.*,<br><br>    Defendants. | Case No.: 11-cv-3691 YGR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR EXPERT DISCLOSURE** |

Plaintiff Hosetta Zertuche ("Zertuche") brings this Motion to Extend Time For Disclosure of Her Treating Psychiatrist as Her Non-Retained Expert. (Dkt. No. 64.) Defendant James Gleason ("Gleason") opposes the motion. Zertuche seeks relief from her failure to disclose timely her treating psychiatrist as an expert in this matter based upon her counsel's excusable neglect.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **GRANTS** the Motion.

**I.     BACKGROUND**

This action was assigned previously to the Honorable Judge Edward J. Davila, who issued a case management order on December 12, 2011. (Dkt. No. 13.) That order imposed a number of deadlines, including a July 6, 2012 date for designation of experts, an August 17, 2012 date for close of expert discovery, and an August 31, 2012 date for filing dispositive motions.

Zertuche was deposed first on February 13, 2012. In her Initial Disclosures served on April 11, 2012, Zertuche named her longstanding treating psychiatrist, Sandra Zetner, M.D., as a witness

on the subject of her emotional distress damages. Zertuche's allegations in this case are that she was subjected to retaliation on account of her exercise of her free speech rights, and that her adverse treatment by Gleason resulted in aggravation of her anxiety disorder to the point that she took a medical leave of absence for about two and a half months. Zertuche offers that Dr. Zetner treated her anxiety disorder before, during, and after the leave of absence, and hence is a material witness on how her emotional condition deteriorated when she took the leave of absence.

Zertuche was deposed in two additional sessions on June 7 and 8, 2012. Thereafter depositions were taken of Gleason and the other individually named defendants (Kimberly Maruffi, Sandra Eovino) later in June and July 2012.

Zertuche's counsel, Mr. Adams, avers that he inadvertently overlooked the deadline of July 6, 2012 in the flurry of discovery around this time, and as Defendants did not disclose any experts, did not realize his oversight until August 2, 2012, when he was meeting and conferring with Defendants' (prior) lead counsel, Mr. Coelho. (Declaration of Michael E. Adams, Dkt. No. 65, at ¶ 6.) Adams further avers that, in the course of their conversation, Coelho suggested that it would make sense to wait on bringing any motion for relief from the expert disclosure deadline until after the court decided the motion for summary judgment that Coelho intended to file by August 31, 2012. (*Id.*) According to Adams, the parties agreed that including a note in their statement would suffice to avoid any prejudice due to the passage of time before bringing the motion. (*Id.*)

Coelho, for his part, has submitted a declaration stating that he did not agree to a late designation, and told Adams that he would have to obtain a court order. (Declaration of Robert M. Coelho, Dkt. No. 70, at ¶¶ 4-5.) Coelho states that he never proposed or suggested that Zertuche should wait to seek relief until after the Court ruled on the summary judgment motion. (*Id.* at ¶¶ 6, 7, 8.) To the contrary, Coelho objected that Zertuche's counsel had served initial disclosures late, and had not been diligent in complying with discovery and other deadlines in the case. (*Id.* at ¶5.)

The parties filed their Joint Preliminary Pretrial Memorandum on August 3, 2012. (Dkt. No. 16.) In that Memorandum, Plaintiff noted that she anticipated filing a motion for relief from her failure to designate Dr. Zetner as an expert by the July 6, 2012 deadline. (*Id.* at 4.) That same day,

Judge Davila filed his Order of Recusal. (Dkt. No. 17.) The preliminary pretrial conference was vacated, but all other dates were maintained.

Defendants filed their motion for summary judgment by the August 31, 2012 deadline, and the Court heard argument on the motion on October 9, 2012. In the meantime, Zertuche noted the expert designation issue in two additional joint case management statements filed on September 10, 2012, and January 8, 2013.

The Court held a case management conference on January 14, 2013. Mr. Adams noted on the record that there were still outstanding issues concerning the expert disclosure date and his desire to bring a motion to designate Dr. Zetner. The Court heard argument from Mr. Adams and from Defendants' now-lead counsel Mr. Winchester. Mr. Winchester objected that, although Mr. Adams had raised the issue many times, he had still not made a motion. Mr. Adams pointed out that he had discussed the timing with Mr. Winchester's predecessor (Mr. Coelho) and that the parties had agreed to focus on the summary judgment motion before spending time or energy on the expert designation motion. Having reviewed the proceedings, the Court did indicate at the case management conference that it would address the expert designation issue in the context of the summary judgment.

The Court issued its order on the summary judgment motion on April 17, 2013. (Dkt. No. 52.) However, the Court did not address the expert designation issue in that order. The parties then participated in a settlement conference with Magistrate Judge Vadas on April 24, with follow up conferences on May 14, May 28, and June 3. Also on June 3, 2013, the Court issued an order to show cause directing the parties to file an updated case management statement and to appear for a case management conference on June 17, 2013. It was at that conference that the Court directed Plaintiff to file a regular noticed motion.

## II. APPLICABLE STANDARD

Experts must be disclosed pursuant to FRCP 26(a)(2). Rule 26(a)(2) provides that a party must identify any expert witness it intends to use at trial. If the expert is retained for the purposes of testifying, a report must be disclosed. Rule 26 (a)(2)(B). Otherwise, the disclosure simply needs to state the subject matter on which the expert is expected to testify, including a summary of facts and opinions. Rule 26(a)(2)(C). Unless otherwise ordered, expert disclosures must occur at least 90 days

before the date set for trial, or at least 30 days in the case of experts offered solely for rebuttal. Rule 26(a)(2)(D).

If a scheduling order has not been modified and a party fails to disclose information required by Rule 26 consistent with the deadlines imposed by that scheduling order, Rule 37 provides for sanctions.[1] Rule 37 states, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FRCP 37(c)(1). Here, having failed to meet the disclosure deadline in the Court's scheduling order, Plaintiff bears the burden of proving that her failure to comply with that deadline is "substantially justified" or "harmless." *See Yeti By Molly, Ltd. v. Deckers Outdoors, Inc.*, 259 F. 3rd 1101, 1106 (9th Cir. 2001)*; see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties is not harmless," even if "the ultimate trial date was still months away.").

The exclusionary sanction under Rule 37(c) has been described as "self-executing" and "automatic." *See Yeti by Molly,* 259 F.3d at 1106 (citing Fed.R.Civ.P. 37, Advisory Committee's Note (1993)). However, Rule 37 requires a court to consider the harm, if any, caused by the failure to comply before imposing such a sanction, and provides for alternative, lesser sanctions "instead of" exclusion. Fed.R.Civ.P. 37(c)(1); *see Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012)(citing FRCP 37 Advisory Committee's Note (1993): "Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations."). Moreover,

---

[1] In her moving papers, Zertuche argued that different standards applied. However, she concedes on reply that the applicable standard here is Rule 37(c). (Reply Br. at 2:1-3 and n. 1.)

4

even when a party cannot demonstrate that the failure to designate an expert timely was substantially justified or harmless, a court may nevertheless exercise its discretion to impose lesser sanctions than complete exclusion. FRCP 37(c)(1); *see Pineda,* 280 F.R.D. at 523 (declining to exclude all experts, but instead allowing certain experts and an opportunity to amend expert disclosures, plus monetary sanctions).

Gleason argues that Zertuche's untimely disclosure is not harmless and prejudices him, since discovery has long been closed and this matter is set for trial October 21, 2013. A further settlement conference is set for August 14, 2013. As of the filing of the motion Zertuche had not produced medical records or made a definite offer to produce Dr. Zetner for deposition in the window of time between the hearing on this motion and the time for pre-trial preparation.[2] And, Gleason argues, he will need to determine whether to designate his own mental health expert and have Zertuche examined in that time period as well.

Zertuche contends that her failure to designate Dr. Zetner timely is, as whole, substantially justified and harmless. Her conduct was substantially justified because, although she missed the deadline to designate Dr. Zetner, it occurred in the midst of a flurry of discovery activity, and she conferred with Gleason's counsel shortly thereafter about curing the error. Zertuche argues that she acted reasonably in deferring the motion until now, since she had brought the error to the Court's attention on several occasions, and had argued the merits of the motion at the January 2013 case management conference, when she was told that the Court would take the matter under submission and issue a decision. She further argues that the failure to designate was harmless since there are more than two months to trial, she has now produced the treatment records, and there will be ample opportunity for Gleason to depose Dr. Zetner and to designate his own expert, if necessary.

Zertuche's failure to comply with the deadline was not justified. She offers no reasonable excuse for her failure to designate her expert prior to the deadline, merely indicating a "flurry" of other deadlines at the time. Likewise, she has not established that her failure to disclose her expert

---

[2] In connection with her reply, Zertuche served copies of her treatment records with Dr. Zetner. (Reply Declaration of Michael E. Adams, ¶3.)

by the deadline is harmless. Timely disclosure would have meant that her expert was disclosed over a year ago, not just within a few months of trial.

However, the Court finds that, under the particular factual circumstances here, complete exclusion of Zertuche's expert would be an unduly harsh sanction. Zertuche raised the error within a month of the deadline stated in Judge Davila's scheduling order. She raised it again with this Court more than six months ago, at which time the parties were given an opportunity to argue the merits, and before any trial date was set. In light of the Court's statements at the case management conference, she reasonably believed that the Court would address the issue in the context of the summary judgment order. It did not.

In light of the particular circumstances of this case, including the changes in trial judges and the state of judicial emergency which resulted in delays in rulings, and balancing the various equities involved, the Court **GRANTS THE MOTION** as follows:

(1) Plaintiff may designate Dr. Zetner as an expert and shall serve an expert designation stating the subject matter on which the expert is expected to testify, including a summary of facts and opinions, consistent with Rule 26(a)(2)(C) no later than August 19, 2013.

(2) Plaintiff shall make Dr. Zetner available for deposition at a time mutually agreeable to the parties but no later than September 9, 2013 and shall pay for the costs of the deposition.

(3) Gleason shall be afforded the opportunity to designate a rebuttal expert no later than September 3, 2013.

**The Court also set this case for a telephonic case management conference at 1:30 p.m. on August 26, 2013.** The parties are advised that the trial date of October 21, 2013 will be continued into November 2013. The parties shall meet and confer and determine whether any modifications to the trial deadlines are necessitated as a result of this order and be prepared to discuss those issues at the case management conference. The parties shall coordinate with the Court's courtroom deputy to access CourtCall.

///

///

///

This order terminates Docket No. 64.

**IT IS SO ORDERED**.

Dated: August 12, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**