UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOSETTA ZERTUCHE,

     Plaintiff,

     vs.

COUNTY OF SANTA CLARA, *ET AL.*,

     Defendants.

Case No.: 11-cv-3691 YGR

**ORDER RE: PRETRIAL CONFERENCE**

On Jury Instruction No. 21, the parties both propose that the third element in Instruction 21 should read:

> *3. the defendant took an adverse employment action against the plaintiff*

However, the proposed instruction does not take into account the theory of liability against Defendant Gleason here: that he set in motion an adverse action, ultimately decided by others, and is liable as a result. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 854 (9th Cir.1999) (although the ultimate decision maker had a legitimate reason for imposing discipline, the court found that the retaliatory motives of "two subordinates set in motion the chain of events that led" to the plaintiff's adverse employment action); *Ostad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 883 (9th Cir. 2003) (individual supervisor could be held liable for free speech retaliation where there was ample evidence of his bias and his role in plaintiff's termination, even if the termination decision was ultimately made by a hearing committee acting without retaliatory motive). In this respect, the instruction is potentially confusing to the jury.

At the pre-trial conference scheduled for Friday, November 8, 2013, the parties should be prepared to discuss whether the instruction should be modified to read:

> *3. Plaintiff Zertuche suffered an adverse employment action*

United States District Court

Northern District of California

OR

    *3.  Defendant Gleason's acts caused Plaintiff Zertuche to suffer an adverse employment action*

Alternatively, the parties should be prepared to offer other modifications and support for their proposed language.

    **IT IS SO ORDERED**.

Dated: November 5, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**