UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOSETTA ZERTUCHE,**<br><br>    **PLAINTIFF,**<br><br>    VS.<br><br>**JAMES GLEASON,**<br><br>    **DEFENDANT** | **CASE NO.: 11-CV-03691 YGR**<br><br>**PRETRIAL ORDER NO. 1 RE INITIAL PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on November 8, 2013, for good cause shown the Court enters the following orders:

1. **<u>Trial Date and Schedule:</u>**  The trial of this matter is confirmed to proceed in Courtroom 5. Jury Selection shall begin at beginning at 9:30 a.m. on **Friday, November 15, 2013**. Counsel shall arrive no later than 9:00 a.m.

All remaining trial days shall begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:30 a.m. Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.

A further pre-trial conference is scheduled for **Wednesday, November 13, 2013.**

2. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Side bars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

3. **Standard Motions *in Limine*:** A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

With respect to the filed motions *in limine*, the Court rulings are filed herewith.

Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including, without limitation, the striking of the witness's entire testimony.

4. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the **November 15, 2013.**

5. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference, Revised Joint Witness List filed November 6, 2013 (Dkt. No. 115). Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

6. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted to the Court on November 6, 2013 (Dkt. No. 117). No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

7.     **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.

8.     **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

9.     **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on **Tuesday, November 12, 2013**.  Any objections not resolved shall be addressed at the pre-trial conference on **Wednesday, November 13, 2013**.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

10.    **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  Counsel shall lodge with the Court on **Friday, November 15, 2013,** a copy of all expert disclosures, including any supplements (to the extent not already submitted), as well as all offers of judgment made under Fed. R. Civ. P. 68.

11.    **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

12.    **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the

same with the courtroom deputy upon lodging the transcripts.  Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

       13.    **Video Depositions at Trial:**  A video deposition may only be shown after the designations, counter-designation and objections are resolved.  The designating party shall file designations no later than **November 13, 2013;** any counter-designations shall be filed no later than **November 15, 2013**.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial.  The filing shall be designated:  "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)."  The filing shall include an index listing the name of the deponent-witness and the date used during trial.

       14.    **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

       15.    **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a rebuttal requested, "Not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

4

16. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

17. **Punitive Damages:** The Court hereby bifurcates trial as to amount of punitive damages, if any. If the jury will be asked to consider punitive damages, the following additional orders apply:

   a. Defendant/Cross-Defendant(s) shall have all relevant financial data in Court in a sealed envelope once trial begins;

   b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin;

   c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

18. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

19. **Settlement:** Counsel shall promptly notify the Court by phone and email (after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Wednesday prior to the Friday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

20. **Trial Decorum and Procedure:** Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury –

in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

21. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

November 12, 2013

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **HOSETTA ZERTUCHE**<br><br>       **PLAINTIFF,**<br><br>vs.<br><br>**JAMES GLEASON,**<br><br>       **DEFENDANT** | CASE NO.: 11-CV-3691 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____          For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____          For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____          For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

    For the Plaintiff _____          For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

    For the Plaintiff _____        For the Defendant _____

(Party Name) _____        (Party Name) _____

_____        _____

    Signature (Plaintiff's Attorney)            Signature (Defense Attorney)