**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOSETTA ZERTUCHE,<br><br>　　　　Plaintiff,<br><br>　vs.<br>COUNTY OF SANTA CLARA, *ET AL.*,<br><br>　　　　Defendants. | Case No.: 11-cv-3691 YGR<br><br>**PRE-TRIAL ORDER NO. 3 RE: JURY INSTRUCTIONS NOS. 21 AND 22** |

The parties have submitted competing alternative jury instructions Nos. 21 and 22, both of which concern the elements of a claim for retaliation in violation of the First Amendment, based upon a public employee's speech. The Court has reviewed the proposed instructions, the applicable law, and any arguments offered by the parties at the Pre-Trial Conference on November 8, 2013, and rules as follows:

**Element Three of Instruction 21**

On Jury Instruction No. 21, the parties both propose that the third element in Instruction 21 should read:

*the defendant took an adverse employment action against the plaintiff*

However, as the Court previously noted, this instruction is potentially confusing to the jury based upon Plaintiff's theory of liability set forth in opposition to summary judgment, namely that Gleason set in motion the adverse action even if he did not himself take the adverse action. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 854 (9th Cir.1999) (although the ultimate decision maker had a legitimate reason for imposing discipline, the court found that the retaliatory motives of "two subordinates set in motion the chain of events that led" to the plaintiff's adverse employment action); *Ostad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 883 (9th Cir. 2003) (individual supervisor

could be held liable for free speech retaliation where there was ample evidence of his bias and his role in plaintiff's termination, even if the termination decision was ultimately made by a hearing committee acting without retaliatory motive).

Consistent with this, the Court revises element three to read: "Plaintiff Zertuche suffered an adverse employment action."

**Fourth Element of Instruction No. 21**

The instructions on the fourth element of Instruction No. 21 differ in that Defendant proposes the fourth element read: "the plaintiff's speech was a *substantial motivating reason* for the adverse employment action," while Plaintiff proposes that the instruction follow the Ninth Circuit's Model Instruction No. 9.9 and read: "the plaintiff's speech was a *substantial __or__ motivating factor* for the adverse employment action."

In determining the appropriate jury instructions for Plaintiff's claim under 42 U.S.C. § 1983 for retaliation in violation of her rights under the First Amendment to the United States Constitution, the Court looks to the binding caselaw in this area. To analyze whether a plaintiff has established a First Amendment retaliation claim against a government employer, the Ninth Circuit has long utilized a sequential, five-step inquiry: (1) the speech at issue was a matter of public concern; (2) the plaintiff spoke as a private citizen or a public employee; (3) the speech was a substantial or motivating factor in the adverse employment action; (4) the state employer had an adequate justification for treating the employee differently from members of the general public; and (5) the state employer would have taken the adverse employment action even absent the speech. *Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 925 (9th Cir.2009); *Eng v. Cooley,* 552 F.3d 1062, 1070 (9th Cir. 2009) (citing *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568 (1968)). The plaintiff bears the burden of establishing the first three elements. *Eng,* 552 F.3d at 1070. If the plaintiff succeeds, the burden shifts to the government employer to either justify the adverse action by showing that its "legitimate administrative interests outweigh [plaintiff's] First Amendment rights," or by presenting evidence to show that it would have made the same decision regardless of the protected conduct. *Thomas v. City of Beaverton*, 379 F.3d 802, 808 (9th Cir. 2004); *see also Eng,* 552 F.3d at 1071-72.

The Ninth Circuit's five step formulation captures the U.S. Supreme Court's holdings with respect to causation, in both *Mt. Healthy* and *Pickering:* a plaintiff only need show that her protected speech was a "substantial" or "motivating" factor in the adverse action, and thereafter it is the government defendant's burden to establish that the adverse action would have been taken even in the absence of that speech. *See Ostad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 883 (9th Cir. 2003) (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)); *Eng,* 552 F.3d at 1070 (citing *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568 (1968)).

Defendant's argument for a "substantial motivating factor" formulation is at odds with the relevant, binding case law. The most recent authorities in the Ninth Circuit on retaliation in violation of the First Amendment against public employees reiterate that the test follows the long-standing "substantial *or* motivating factor" standard. *See Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012); *Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 925 (9th Cir.2009); *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 803-04 (9th Cir. 2009) (citing *Gilbrook v. City of Westminster,* 177 F.3d 839, 853-56 (9th Cir.1999) and *Ostad*, 327 F.3d at 882-83.)

Defendant cites to *Harris v. City of Santa Monica,* 56 Cal.4th 203 (2013), a recent decision of the California Supreme Court in a state statutory action alleging employment discrimination in support of his "substantial motivating reason" formulation.[1] In *Harris*, the California Supreme Court held that "[r]equiring the plaintiff to show that discrimination was a *substantial* motivating factor, rather than simply a motivating factor, more effectively ensures that liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the disputed employment decision." *Id.* at 232 (emphasis in original). First, *Harris* is a state court decision, deciding a matter of state statutory law. It is not binding on this Court, particularly on a question of federal law. Second, a decision on a state law discrimination claim bears only superficial resemblance to a federal civil rights claim for retaliation under Section 1983. The legal authorities, and the policy considerations underpinning those authorities, differ. And finally, *Harris* itself distinguished the

---

[1] Defendant also cites to the U.S. Supreme Court's decision in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 270 (1989). However, that case does not formulate the test as a "substantial motivating" factor, but rather cites favorably to *Mt. Healthy*'s "substantial or motivating" factor. *Id.* at 248-49.

3

state statutory action at issue there, and the differing remedies available, from the circumstances in *Mt. Healthy*, and rejected the *Mt. Healthy* formulation on that basis. *Harris,* 56 Cal.4th at 236.

Thus, the Court finds that the correct statement of the law is "the plaintiff's speech was a substantial or motivating factor for the adverse employment action." Moreover, the Court modifies the instruction to state that a "substantial or motivating factor" is a significant factor. *See Ostad*, 327 F.3d at 885.

**Instruction No. 22**

Defendant proposes that Jury Instruction No. 22 should read:

> *In order to establish that the acts of the defendant James Gleason deprived the plaintiff of her particular rights under the United States Constitution as explained in these instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.*

Defendant's proposed Instruction 22 is a modified version of Ninth Circuit Model Instruction Number 9.8. However, in the Comment to that Model Instruction, users are specifically advised that

> When a Section 1983 claim alleges discrimination because of the plaintiff's exercise of a First Amendment right, ***do not use this instruction*** because the "substantial or motivating factor" formulation is already included in Instructions 9.9 (Particular Rights—First Amendment—Public Employees—Speech) and 9.10 (Particular Rights—First Amendment—"Citizen" Plaintiff). *See also Lakeside-Scott v. Multnomah County*, 556 F.3d 797 (9th Cir. 2009); *DiRuzza v. County of Tehama*, 206 F.3d 1304 (9th Cir. 2000).

Ninth Circuit Model Instructions, No. 98, Comment (emphasis added). Plaintiff's proposed alternative, based upon California model jury instructions concerning causation, fares no better under, based upon the Comment.

Ninth Circuit Model Instruction 9.9 only addresses the first three of the five Ninth Circuit elements in the First Amendment retaliation analysis (breaking up the third factor into two parts – adverse action and "substantial or motivating factor"). Indeed, the Comments to Ninth Circuit Model Instruction 9.9 indicate: "Because this instruction only addresses the first three elements summarized in *Eng*, the instruction should be modified if there are jury issues involving the fourth or

fifth factors stated above."[2] Consequently, it does not address all the elements that concern causation in a mixed motive case, as here. Neither proposed causation instruction addresses this problem.

In a similar mixed motive action, the Ninth Circuit in *Ostad*, held that the jury was properly instructed on these elements where the instructions read, substantially, as follows:

> If you find in the plaintiff's favor on each of the facts that the plaintiff must prove, you must then consider whether the defendants have shown by a preponderance of the evidence that plaintiff would have been terminated from the program for other reasons even in the absence of plaintiff's [protected activity]… If you find that defendants have proven that plaintiff would have been terminated because of [other non-retaliatory reasons], regardless of his [protected activity], then your verdict should be for the defendants.

*Ostad,* 327 F.3d at 884. Along those same lines, the verdict form required jurors to answer the following question: "Did the defendants prove that plaintiff would have been terminated … for other reasons even in the absence of his protected speech activity?" *Id.* The Ninth Circuit found both to be proper statements of the applicable law.

The Court finds that a similar causation instruction is warranted here and will revise Instruction No. 22 accordingly.

**CONCLUSION**

Revised Jury Instructions 21 and 22 are attached hereto as Exhibit A.

To the extent the parties object to any revisions to the instructions, they should be prepared to discuss such objections at the continued pre-trial conference on Wednesday, November 13, 2013 at 2:00 p.m.

**IT IS SO ORDERED**.

Dated: November 13, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Moreover, the Model Instruction states, consistent with the case law, that the question of whether speech was on a matter of public concern is a question of law that does not go to the jury. *Gibson*, 561 F.3d at 925; *Eng,* 552 F.3d at 1070.

5

# JURY INSTRUCTION NO. 21

## First Amendment – Public Employees Speech

As previously explained, plaintiff Hosetta Zertuche has the burden to prove that the acts of the defendant James Gleason deprived her of her First Amendment rights under the United States Constitution by subjecting her to adverse employment actions because she exercised those rights.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove the defendant James Gleason deprived plaintiff Hosetta Zertuche of her First Amendment rights, plaintiff Hosetta Zertuche must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff spoke as a citizen and not as part of her official duties;
2. the speech was on a matter of public concern;
3. the plaintiff suffered an adverse employment action;
4. the plaintiff's speech was a substantial or motivating factor for the adverse employment action.

I instruct you that plaintiff Hosetta Zertuche's speech was on a matter of public concern, and therefore, the second element requires no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means the action might have dissuaded a reasonable worker from engaging in protected activity.

A "substantial or motivating factor" is a significant factor.

**JURY INSTRUCTION NO. 22**

**Causation**

If you find that Plaintiff Hosetta Zertuche has established each of the four elements she must prove, you must then consider whether Defendant Gleason has shown, by a preponderance of the evidence, that Plaintiff Zertuche would have been subjected to the adverse employment action for other reasons, even in the absence of protected activity.

If you decide a person other than defendant Gleason took an adverse employment action, you must determine whether that adverse employment action:

(a) was sufficiently independent of any retaliatory motivation

 OR

(b) was the result of a chain of events set in motion by defendant Gleason, and that Defendant Gleason knew or reasonably should have known that his actions would cause others to take adverse employment action.


*Ostad v. Oregon Health Sciences Univ.*, 327 F.3d 876, 884 (9th Cir. 2003).